IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA
and
WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Plaintiffs,

v.

Civil No. 1:26-CV-10

ANTERO RESOURCES CORPORATION,

Defendant.

**MODIFICATION OF CONSENT DECREE TO SUBSTITUTE PARTY AS TO CERTAIN CONSENT DECREE REQUIREMENTS**

WHEREAS, the United States of America on behalf of the United States Environmental Protection Agency ("EPA"), the West Virginia Department of Environmental Protection ("WVDEP"), and Antero Resources Corporation ("Antero"), are parties to the Consent Decree that was lodged with the Court on February 13, 2026, and entered by the Court on March 31, 2026 (ECF Nos. 4, 13);

WHEREAS, the Consent Decree pertains to 242 Facilities (or "Well Pads") in West Virginia and Ohio that are listed in Appendix A to the Consent Decree (193 in West Virginia listed in Appendix A-1, and 49 in Ohio listed in Appendix A-2). At the time the Consent Decree was lodged with the Court, all 242 Facilities were owned and operated by Antero;

WHEREAS, Paragraph 4 of the Consent Decree permits Antero to be relieved of obligations under the Consent Decree as to Facilities that are sold or transferred to a third party, provided that (1) the transferee agrees to be substituted for Antero as a Party under the Consent Decree with respect to the transferred Facilities and thus be bound as a Substitution Party to undertake the obligations required by Section V (Compliance Requirements) of the Consent Decree applicable to the transferred Facilities (for the avoidance of doubt, these obligations do not include Subsection V.K (Environmental Mitigation Projects) which shall remain Antero's sole responsibility until termination of the Consent Decree), (2) the United States consents to relieve Antero of its obligations; and (3) the Court approves a modification of the Consent Decree substituting the transferee for Antero as to the transferred Facilities and providing that the transferee will implement the terms of the Consent Decree with respect to the transferred Facilities;

WHEREAS, Paragraph 4 of the Consent Decree further provides that the United States may refuse to approve a transfer of compliance obligations under the Consent Decree if the

United States determines that the proposed transferee does not possess the requisite technical abilities or financial means to implement the Consent Decree;

WHEREAS, Paragraph 4 of the Consent Decree further provides that if the United States agrees to the transfer of compliance obligations, the Parties will file a joint motion with the Court seeking a modification making the transferee a Substitution Party to the Consent Decree;

WHEREAS, in accordance with Paragraph 5 of the Consent Decree, Antero timely provided notice that it would be transferring the 49 Facilities in Ohio listed in Appendix A-2 of the Consent Decree (the "Transferred Ohio Facilities") to INR Ohio, LLC ("INR"), which is a wholly owned subsidiary of Infinity Natural Resources, LLC;

WHEREAS, INR and Infinity Natural Resources, LLC have submitted to the United States a certification regarding INR's financial and technical ability to assume the obligations and liabilities of the Consent Decree pertaining to the Transferred Ohio Facilities;

WHEREAS, the United States agrees, based on this certification, that INR has the financial and technical ability to assume the obligations and liabilities of the Consent Decree as they relate to the Transferred Ohio Facilities;

WHEREAS, INR completed the purchase of the Transferred Ohio Facilities from Antero effective February 23, 2026;

WHEREAS, presently under the Consent Decree, Antero is responsible for the Transferred Ohio Facilities' compliance with the Consent Decree's terms;

WHEREAS, pursuant to Paragraph 4 of the Consent Decree, the United States, WVDEP, Antero, and INR desire to modify the Consent Decree to make INR a Substitution Party to the Consent Decree with respect to the Transferred Ohio Facilities, and to release Antero from

liability for remaining requirements of the Consent Decree as they pertain to the Transferred Ohio Facilities;

WHEREAS, pursuant to Paragraph 4 of the Consent Decree, such transferred obligations do not include Subsection V.K (Environmental Mitigation Projects) which shall remain Antero's sole responsibility until termination of the Consent Decree;

WHEREAS, the United States, WVDEP, Antero, and INR recognize that WVDEP does not have jurisdiction or authority over the Transferred Ohio Facilities under the Consent Decree;

WHEREAS, each of the undersigned Parties has reviewed and consents to this Modification of the Consent Decree;

WHEREAS, Paragraphs 4 and 149 of the Consent Decree require that this Modification of the Consent Decree must be signed by all the Parties and approved by the Court before it is effective;

NOW THEREFORE, the United States, WVDEP, Antero, and INR hereby agree that, upon approval of this Modification by the Court, the Consent Decree shall remain in full force and effect in accordance with its terms, except as set forth in this Modification, which shall become effective upon approval by this Court.

1. INR shall become a Substitution Party pursuant to Paragraph 4 of the Consent Decree and shall assume all of Antero's obligations and liabilities with respect to the Transferred Ohio Facilities' compliance with the Consent Decree arising on or after the date the Court approves this Modification (for the avoidance of doubt, these obligations do not include Subsection V.K (Environmental Mitigation Projects) which shall remain Antero's sole responsibility until termination of the Consent Decree).

2. The definition of "Antero Control Room" in Paragraph 8.c of the Consent Decree is modified as follows: "Antero Control Room" shall mean the central monitoring location at 635 White Oaks Blvd, Bridgeport, WV 26330 except that, solely as to the compliance obligations of the Consent Decree pertaining to the Transferred Ohio Facilities as specified in Paragraphs 40, 42.d, and Appendix E, Paragraph 2.a(2)(vi) of the Consent Decree, it shall mean representatives of INR Ohio, LLC.

3. Notices under Paragraph 144 of the Consent Decree with respect to the Transferred Ohio Facilities shall also be sent to the following:

a. zarnold@infinitynr.com

b. rwolfe@infinitynr.com

c. icostello@infinitynr.com

4. Paragraph 154 of the Consent Decree is modified to add the following sentence: "INR may seek full termination of the Consent Decree as to it once it has paid any accrued stipulated penalties as required by this Consent Decree for the Transferred Ohio Facilities and met the requirements of Paragraphs 152(a)-(b) through the same procedure outlined in Paragraphs 152-153, as applicable, regardless of whether Antero or any other Substitution Party has qualified for full termination."

5. Pursuant to Paragraph 4 of the Consent Decree, Antero shall be relieved from its obligations and liabilities for the Consent Decree as to the Transferred Ohio Facilities arising on or after the date the Court approves this Modification. Antero shall continue to have (and for the avoidance of doubt INR has no and shall have no) compliance obligations and liabilities under the Consent Decree with respect to all other Facilities, as well as its obligations under Subsection V.K of the Consent Decree (Environmental Mitigation Projects).

Dated and entered this __ day of __________, 20__

_________________________________
THOMAS S. KLEEH
CHIEF UNITED STATES DISTRICT JUDGE

FOR THE UNITED STATES OF AMERICA:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

JASON A. DUNN
Assistant Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC 20044-7611

MATTHEW L. HARVEY
United States Attorney
U.S. Attorney's Office
Northern District of West Virginia

Stephanie K. Savino

Stephanie K. Savino
Assistant United States Attorney
Wheeling, WV 26003

FOR THE WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION:

Charles S. Driver

CHARLES S. DRIVER
Chief, Office of Legal Services
West Virginia Department of Environmental Protection
601 57th Street, SE
Charleston, West Virginia 25304

FOR ANTERO RESOURCES CORPORATION:

Jennifer Hornemann 4/15/2026

Jennifer Hornemann
Vice President—Production
1615 Wynkoop Street
Denver, Colorado 80202

FOR INR OHIO, LLC:

____________________________________

Zack Arnold
President and Chief Executive Officer
2605 Cranberry Square
Morgantown, WV 26508